WILLIAM H. STALLINGS, APPELLANT, v. EYPPER AND BECKMANN, INCORPORATED, APPELLEE.

Decided June 7, 1927.

**Sale of Real Estate—Recovery of Deposit—Receipt Given For Amount of Deposit—Held, Error to Assume That Receipt in Question Constituted a Contract, the Language Being to the Contrary—Judgment For Defendant Reversed.**

On appeal from the District Court.

Before Justices PARKER and CAMPBELL.

For the appellant, *Hudspeth & Demarest.*

For the appellee, *Clarence Mabie.*

PER CURIAM.

This is an appeal from a judgment entered upon a verdict directed in favor of the defendant in the District Court of the Second Judicial District of Bergen county.

The action was brought to recover $300 paid under a receipt for the purchase of real estate. Such receipt acknowledged the payment by appellant of "the sum of $300 to apply on the purchase price of thirty-nine acres on the Cresskill-Alpine road, Alpine, New Jersey.

"This deposit is accepted subject to the signing of a satisfactory contract by the parties on the basis of a price or consideration of $58,500."

A contract was submitted by the seller but was not satisfactory to the purchaser.

The deposit acknowledged by the before referred to receipt was made October 15th, 1926, and no contract satisfactory to appellant having been presented and executed he brought his action to recover the deposit on December 15th, 1926.

The trial court directed the verdict in favor of the defendant upon the ground that the receipt in question constituted and was a contract for the sale and purchase of the lands therein referred to.

The language of the receipt, however, is to the contrary, and the situation is like unto that in *Tansey* v. *Suckoneck,* 3 *N. J. Adv. R.* 1520, and cases therein cited.

Where the undertaking is, as here, to be to the satisfaction of the parties or "a satisfactory contract" such determination, in the absence of fraud, is exclusively in the party having such right of determination. *Gwynne* v. *Hitchner and Yerkes,* 66 *N. J. L.* 97; *Love* v. *Fetters,* 98 *Id.* 784.

The trial court was in error and the judgment appealed from is set aside and reversed.